IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEYDA ARACY CHAVEZ-VARGAS, A Number 246-851-988, *Petitioner*, | § | |
| v. | § | CIVIL ACTION NO. SA-26-CV-01600-FB |
| MIGUEL VERGARA, Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement; *et al.*, *Respondents.* | § | |

**ORDER REGARDING PENDING MOTIONS**

Before the Court are Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus ("Motion to Expedite") (ECF No. 15), filed on July 21, 2026, and Petitioner's Motion to Reopen Habeas Corpus Proceedings and for Immediate Release ("Motion to Reopen") (ECF No. 16), filed on October 2, 2026. After careful consideration, the Court is of the opinion that the Motion to Expedite should be dismissed as moot and the Motion to Reopen should be denied.

The Court ruled on the petition and entered a final judgment on April 10, 2026. (ECF Nos. 10 & 11). Accordingly, Petitioner's Motion to Expedite is moot and should be dismissed as such.

With regard to Petitioner's Motion to Reopen,[1] Petitioner's statutory basis for relief—*i.e.*, that the INA's discretionary detention provision applies and entitles Petitioner to a bond hearing—was foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi*. *See* 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). As such, all

---

[1] Petitioner is represented by counsel, but filed the Motion to Reopen *pro se*. For purposes of this motion only, the Court exercises its discretion and allows hybrid representation. *See United States v. Treff,* 924 F.2d 975, 979 n.6 (10th Cir. 1991) (explaining that courts have discretion to allow simultaneous self-representation and representation by counsel).

applicants for admission, like Petitioner, are subject to mandatory detention during the pendency of removal proceedings. *Id.*

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief, holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns). Accordingly, the Motion to Reopen must be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus (ECF No. 15) is DISMISSED as MOOT.

IT IS FINALLY ORDERED that Petitioner's Motion to Reopen Habeas Corpus Proceedings and for Immediate Release (ECF No. 16) is DENIED.

It is so ORDERED.

SIGNED this 9th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE